UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN-JEAN BURNETT,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

Case No. 1:24-cv-57

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Carolyn Jean Burnett (referred to as "Burnett" or "Carolyn-jean") brought this action against 10 defendants: State of Michigan (Michigan); the City of Grand Rapids (Grand Rapids); the Grand Rapids Police Department (GRPD); GRPD Officer Gregory Bauer; Unknown Parties #1 [Unknown Officers]; Kent County; Kent County Sheriff; 61st District Court and its Court Clerk Sarah Breen; and, Unknown Parties #2 [Unknown Officers of the Court]. *See* Compl. (ECF No. 1). Burnett has sued defendants Bauer and Breen in their individual and official capacities. *Id.*[1]

This matter is now before the Court on four motions. Defendant Michigan has moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12). Defendants Kent County and Kent County Sheriff's Department have moved to dismiss for lack of jurisdiction pursuant to Fed. R.

---

[1] Plaintiff Carolyn-Jean Burnett's 15-count complaint is very similar and at times identical to a 15-count complaint filed by Carmie Ronata Burnett in *Burnett v. State of Michigan, et al.*, No. 1:24-cv-55 (W.D. Mich.).

Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14).[2] Defendants 61st District Court and Breen have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 20). Finally, defendants Grand Rapids, GRPD, and Bauer have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 23). The motions are unopposed. For the reasons discussed below, the undersigned recommends that this frivolous sovereign citizen lawsuit be dismissed for lack of subject matter jurisdiction.[3]

### I. Burnett's Lawsuit

#### A. Burnett's Allegations

Burnett filed a 75-page document entitled "Redress Constitutional Grievances Constitutional Court Counterclaims for Rights Violations") which the Court docketed as a complaint (ECF No. 1). Burnett attached with 11 exhibits (ECF Nos. 1-1 through 1-11).[4] The complaint is a lengthy and at times undecipherable. It appears that this lawsuit arose from a traffic stop and arrest on November 26, 2023. *See* PageID.24, ¶ 14.

The Court has gleaned the substance of Burnett's claims from her 107-paragraph "Background affidavit of statements of facts grounds for claim". PageID.14-21. GRPD Officers stopped Burnett for not having license plates on her vehicle. PageID.14-15, ¶¶ 4-25. In her

---

[2] The Court notes that while their motion (ECF No. 14) cites Fed. R. Civ. P. 12(b)(6), their brief (ECF No. 16) also argues lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

[3] The Court could grant defendants' motions to dismiss because Burnett did not respond to the motions as required by the court rules. *See* W.D. Mich. LCivR 7.1(a) and 7.2(c). A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim). However, because not all defendants moved to dismiss for lack of subject matter jurisdiction and Burnett's complaint is based on fantastical claims, the Court will address the subject matter jurisdiction as to all defendants.

[4] The Court notes that Burnett submitted exhibits numbered 1, 2, 4, 5, 6, 7, 8, 9, 10, 11 and 12.

complaint, Burnett admitted that the vehicle did not have state plates and that she cancelled her driver's license back in February 2021. PageID.20, ¶¶ 90, 92. Burnett alleged that GRPD Officer Bauer pulled her out of the automobile by her wrist and threw her to the ground causing a spinal sprain. PageID.16, ¶¶ 27-33. Burnett "communicated to unknown officer at that time I felt ok." *Id*. at ¶ 35. Officer Bauer handcuffed Burnett, told her she was going to jail, performed an unreasonable body search without probable cause, and without her consent placed her in a police cruiser. PageID.16-17, ¶¶ 36-44. While being held captive in the police cruiser, an unknown female police officer kidnapped Burnett. PageID.17, ¶¶ 45-49. When the kidnapping female police officer asked if Burnett needed medical attention, she said "I am ok right now." *Id*. at ¶ 49. Officer Bauer had Burnett's passport[5] and seized her personal property including a 2006 Dodge Ram. *Id*. at ¶¶ 48-51. When Office Bauer asked if Burnett "had a license before", Burnett "did not communicate." PageID.18, ¶ 52. Burnett, having been "kidnapped and held captive" was "taken to an unknown location." *Id*. at ¶ 59.

It appears that Burnett was taken to a Kent County facility where she was processed and detained. At the facility, Burnett would not consent to having a photo and thumb print taken, and was forced to do so. PageID.19, ¶¶ 71-73, 75. A lady deputy took the draw string of her pants, searched her hair, and removed her scarf and wig. *Id*. at ¶¶ 76-77. Burnett felt mentally raped and humiliated. *Id*. at ¶ 77. Burnett would not provide information to the nurse stating,

> a nurse called me into an office requesting my name and to take vitals and answer questions. I communicated to the nurse I do not consent to providing information nor participate in the questionnaire. The nurse typed information within the system that I did not have permission to read, so I have no knowledge or conscious awareness of what the nurse typed[.]

---

[5] *See Gloria Sun Jung Yun v. New Jersey*, No. CV 18-17283, 2019 WL 1002944, at *3 (D.N.J. Feb. 28, 2019) ("a 'state citizen's passport' . . . is some type of document that the sovereign citizens movement promotes.").

*Id*. at ¶ 82. Eventually, Burnett's daughter paid a bond and she was released after being deprived of her liberty for six hours. *Id*. at ¶¶ 83-84; PageID.20, ¶ 89.

Burnett's complaints include that she had to pay "$168.50 to the CITY OF GRAND RAPIDS POLICE IMPOUND to obtain my private automobile" and "$50.00 to get it towed off the lot because of not having any STATE plates[.]" *Id*. at ¶ 90.

Burnett's complaints about defendant 61st District Court involve an interaction on or about December 5, 2023. PageID.21, ¶ 101. On that date, Burnett spoke with an employee "to acquire all of the case numbers attached with the CAROLYN JEAN BURNETT, matter." *Id*. The "employee stated it was a lot and I could go online and get it for free." *Id*. The employee provided Burnett with information to go online. *Id*. at ¶ 102. Burnett stated that "[t]he employee presented no case number." *Id*. at ¶ 103.

Burnett does not allege any incidents involving defendants Michigan or Breen.

**B.    Burnett's Causes of action**

Based on this traffic stop, arrest, vehicle impoundment, six-hour jail detention, and inquiry made to the state court, Burnett set forth 15 counts which allege claims arising under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Amendments, various statutes, and common law torts (in her words):

**COUNT 1 (all defendants)**:  "Color of law, office and authority and conspiracy against rights under color of law, office and authority. Constitutinal invasion." PageID.22-27.[6]

---

[6] At times, Burnett's complaint refers to Andrew Middleton, Benjamin Howie, Ryan Manser, and Justin Scavarda. *See* PageID.22, ¶ 1. These are defendants in a different lawsuit, *i.e.*, the lawsuit filed by Carmie Ronata Burnett in *Burnett*, 1:22-cv-55.

4

**COUNT 2 (all defendants)**: "Deprivation of rights, trespass, encroachment and invasion of inherent fundamental alienable rights, interests and immunities under color of law, constitutional invasion."  PageID.27-30.

**COUNT 3 (all defendants)**: "Assault and battery not less than murder. Negligent battery.  Bodily harm and misuse of arrest powers.  Invasion of pysical security, privace, and oppersive police practice.  Constitutional invasion."  PageID.30-37.

**COUNT 4 (all defendants)**: "The involuntary sumission to custody. Illegal stop. Warrantless arrests without probable cause, illegal hand cuffing, false arrest, unlawful seizure, unlawful search, false/unlawful imprisonment, kidnapping and unlawfulful imprisonmeny by secret confinement, wrongful confinement under the color of law, false detention color of law. Forced pysical discomfort. Constitusional invasion. Involunatry servitude. Constitutional invasion." PageID.37-41.

**COUNT 5 (all defendants)**: "Probable cause proceeding violation. Due process violation and deprivation of rights under color of law. Constitutional invasion."  PageID.41-44.

**COUNT 6 (defendant Bauer)**: "Sexual battery. Sexual intimidation, sexual assault, emotional rape. Forced physical discomort."  PageID.44-46.

**COUNT 7 (all defendants)**: "Invasion of privacy. Racial profiling."  PageID.46-48.

**COUNT 8 (all defendants)**: "Malicious prosecution and conspiracy to maliciously prosecute.  Defamation of character. Filing fabricating evidence to incriminate on erroneous charges. Unconscionable contract, fraud in the factum. Malicious intererence with contract. Security fraud. Constitutional violation."  PageID.48-53.

**COUNT 9 (all defendants)**: "Breach of fiduciary duty."  PageID.53-54.

**COUNT 10 (all defendants)**: "Violation of oath." PageID.54-57.

**COUNT 11 (all defendants)**: "Illegal obtention of fingerprints and photing is tresspass and physical intrusion of privacy. Theft of proberty thru biometrice. Constitutionally violation." PageID.57-61.

**COUNT 12 (all defendants)**: "Unlawful seizure of property. Commercial auto theft. Theft of property, bank robbery and conveyance / automobile by impounding towing. PageID.61-62.

**COUNT 13 (all defendants)**: "Orchestrated Injustice: Collective Inaction and Implicit Endorsement of Constitutional Violations. Beyond Bystanders: Group Liability for Unseen Brutality." PageID.63-65.

**COUNT 14 (all defendants)**: "Individual terrorists as agents of foreign powers. Domestic terrorism. Obstruction of justice and false statements in terrorism. 118 Stat. 3765 §. 6703. PageID.66.

**COUNT 15 (all defendants)**: "Municipal liability. Liability of supervisory officers. Constitutional deprivation caused by pattern policies or customs." PageID.66-69.

Burnett lists 19 remedies which, among other things, asks the Court: to arrest defendants; to impound "ALL books, videos, records and fraudulent claims" of defendants; discharge the judgment lien against her; and, to dismiss all charges against her. PageID.71-72. In addition, Burnett seeks a "subtotal" of damages in the amount of $2,830,000.00 which are to be tripled due to "fraud" for total damages of $8,430,000.00. PageID.73-74. Finally, Burnett signed the complaint with non-sensical limitations of "Without Prejudice. . . All my rights, remedies and immunities are explicitly reserved and I exercise them." *Id*.

**II.**     **Lack of subject matter jurisdiction**

### A.  Legal standard

Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

As discussed, some defendants have moved to dismiss Burnett's actions for lack of subject matter jurisdiction. A motion under Fed. R. Civ. P. 12(b)(1) may be brought either as a facial attack or a factual attack. *Gentek Building Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack is a challenge to the sufficiency of the pleading itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis omitted). Here, defendants have raised a facial attack on subject matter jurisdiction.

> When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. If those allegations establish federal claims, jurisdiction exists.

*Id*. (internal citation omitted). In this regard, the Court will consider Burnett's exhibits attached to the complaint. *See generally, Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008) (when ruling on a defense under Fed. R. Civ. P. 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the

record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"). Because plaintiff is proceeding *pro se*, the Court will read her complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Finally, regardless of defendants' motions, this Court may at any time "dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999; *see also* Fed. R. Civ. P. 12(h)(3).

**B.    Discussion**

Here, Burnett's complaint is premised on two legal theories which are non-sense: her special status as a sovereign / sovereign citizen, and, defendants' status as foreign agents.

First, Burnett contends that she has special status as "a Private Indigenous American Sovereign" (PageID.8) which exempts her from the operation of state and federal laws. Given this "status", Burnett moves and commands

> that the Article III tribunal take judicial notice of my specific objection to any erroneous and unproven presumption based on false conclusion of law administratively made regarding status before this Judicial law side of the court of abandonment or loss of status in the guaranteed Republic form of government. This Judicial law side of the court must take Judicial Notice that the Amarukan / American Aboriginal in private capacity acting as Petitioner / Suitor and Granter that is the progeny prosperity of what my ancestors called Amaruka Amaru, "the land of the feathered plumbed serpent" called in modern time Americas.

PageID.12.  As a such a sovereign, Burnett states that she is not subject to the territorial jurisdiction of a legislative body:

> The Article III tribunal must take Judicial Notice that Petitioner/Suitor makes a contrary conclusion of law to the administrative presumption of a FRANCHISED CORPORATE STATUS subject under CONGRESSIONAL LEGISLATIVE authority. The Private Indigenous American acting as Petitioner / Suitor is an un-enfranchised and fall not under territorial jurisdiction under a legislative body.

PageID.12. Burnett also sets out a fictitious quote purportedly from *Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985) "that 'the people' are not bound by codes, rules regulations and ordinances, being mere private acts of laws'".[7]

In addition, Burnett has filed a number of papers which set out the special rules which apply to her. These papers include the following (in her words):

A "Notice of Fiduciary and Trustee Appointment and Special Instructions Notice of Security Agreement" (ECF No. 1-1), in which Burnett appoints Ms. Ann E. Filkins as Clerk of the United States District Court for the Western District of Michigan and issues Ms. Filkins various commands related to fiduciary duties owed to Burnett. PageID.77-81.

An "Affidavit of Negation of Corporate Existence" (ECF No. 1-5), in which Burnett announced that, "I have not agreed or consented to ANY Jurisdiction of the FEDERAL GOVERNMENT, STATE GOVERNMENT, FEDERAL ENTITY / AGENCY, AND/OR STATE ENTITY / AGENCY." PageID.98, ¶ 12; and,

---

[7] Burnett states as follows:

> *"Where it was concluded by that court (9th Circuit) that "the people" are not bound by codes, rules regulations and ordinances, being mere private acts of laws, but are inescapably and "forever" bound by the law of the land, being the general laws, and entitled to the free exercise of all processes provided by the general law of the land, which have been protected and secured by the several state constitutions as foundational, organic law and shall never be compromised".* Rodrigues v Secretary of Labor. Donovan. 769 F.2nd 1344 (1985).

Compl. at PageID.12. No such quote appears in *Rodrigues*, 769 F.2d 1344.

9

An "Affidavit of Age of Majority. Affidavit of Ownership of Certificate of Title" (ECF No. 1-6), which established that Burnett is not a person and not subject to any laws.[8] In this document, Burnett ("Carolyn-jean"), refers to herself as the registered owner of a Certificate Security / or bond number 142-03-173925, with this instrument being known as the CAROLYN JEAN BURNETT TRUST / ESTATE, referencing the "Official Certificate of Live Birth (Title)" as recorded "in the Office of the Clerk, County of Bowie, Land of Texas, as the same appears to be held for safekeeping by the State Registrar of Titles." PageID.104, ¶ 11.[9]

Second, Burnett refers to the defendants, Michigan, Grand Rapids, the GRPD, GRPD Officer Bauer, Kent County, Kent County Sheriff, 61st District Court and Court Clerk Breen as "FOREIGN CORPORATE CITIZENS OF A STATE." PageID.8. Among other things, Burnett alleged that defendants are "Individual Terrorists as Agents of Foreign Powers" engaging in domestic terrorism. *See* Count 14, PageID.66. Burnett also refers to the United States as a foreign corporation (in her words):

> Whereas, I, Carolyn-jean have been falsely identified, converted and charged by and thru the UNITED STATES GOVERNMENT A FOREIGN CORPORATIONADMINISTRATIVE FEDERAL COROPORATIONS, and thru FOREIGN BANKING UNIFORM COMMERCIAL CODE PAPER, thru its BAR ARTICLE I COURTS, and thru Administrative system operating under governmental commercial banking law.

Affidavit of Negation of Denial of Corporate Existence at PageID.97, ¶ 2.

---

[8] In Burnett's words (PageID.103):

> My Spirit, my Soul is NOT a HUMAN CREATURE, HUMAN BEING, MAN OR WOMAN, nor subject to Unam Sanctum, Triple Crown of Ba'al, Papal Tiara and Triregnunm and/ or Papa Bull Unam Sanctum, Roman law, UNITED STATES LAWS, FEDERAL LAWS, CONGRESSIONAL OVERSIGHT, STATE LAWS statutes, rules, codes, ordinances or legislation.

[9] As the court observed in *Potter v. United States*, 161 Fed. Cl. 24, 28 (2022), "Often, a sovereign citizen plaintiff will argue that his or her birth certificate (and/or other documents) evidences a trust and that he or she has the right to collect the funds in that trust from the United States."

Based on Burnett's allegations, the Court construes her complaint as alleging the type of "meritless rhetoric" espoused by sovereign citizens. *See United States v. Coleman*, 871 F.3d 470, 476 (2017). "The 'sovereign citizen' movement is a highly disperse, antigovernment movement." *United States v. Gooch*, 595 Fed. Appx. 524, 527, fn 1 (6th Cir. 2014). In general, sovereign citizens believe that the United States Government is a fraud and "that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *Id*. (internal quotation marks omitted).

Burnett's claims are based on allegations that she is not a person or a United States citizen, that she is the title holder of the "CAROLYN JEAN BURNETT TRUST / ESTATE", that she is not subject to state or federal government laws, and that defendants are foreign agents who took illegal actions against her. While Burnett apparently denies that she is a sovereign citizen[10], the claims set forth in her complaint are those raised by members of that anti-government movement.

The hallmark of the sovereign citizen movement is adherence to the belief that even though the person was born and resides in the United States, "he is his own sovereign and is therefore not a United States citizen." *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). "So-called sovereign citizens believe that they are not subject to government authority and employ

---

[10] Burnett provides the following non-sensical explanation (in her words) (Compl. at PageID.12-13):

> Any statutory conversion, misclassification, and engaging the Indigenous Amarukan modern times called Indigenous American as a "SOVEREIGN CITIZEN" and "UNITED STATES CITIZEN" is disparity and deprivation of fundamental inherent unalienable Creator rights, liberties, immunities, and interests. Petitioner/Suitor always is to be identified in private status with an un-enfranchised status as an artificial being, person, or natural person, ens legis, a federal or state created creature or entity, a heathen, an animal like creature or a creature of law an invisible, intangible, and existing only in contemplation of the law. Petitioner/Suitor fundamental inherent and unalienable rights, liberties, immunities, and interests are to be always safeguarded. Any encroachment upon fundamental inherent and unalienable natural rights, liberties, immunities, and interests by legislative authority must be resolutely restrained. Any Article III judge safeguarding natural justice in legislative authority under Congressional authority of Article 1 will be concluded ultra vires acts and treason.

various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Id*. "The sovereign citizen concept hinges on a mistaken belief that federal, state, and local governments are illegitimate and therefore, laws and regulations enacted by those bodies are unenforceable." *United States v. Booker*, No. 322CR00034KDBDSC, 2022 WL 3570591 at *2 (W.D.N.C. Aug. 18, 2022). Sovereign citizen-type arguments include attempts to convince courts that their status as sovereign citizens differs from the status of the fictional individuals identified by their birth certificates. *See generally, Potter v. United States*, 161 Fed. Cl. 24, 28 (2022).

In summary, Burnett's complaint is based upon the meritless rhetoric espoused by sovereign citizens. This Court has no jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement. *See id*. at 29. Specifically, Burnett's claims that she holds the special status of a sovereign or sovereign citizen and that defendants are foreign agents "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" *Apple*, 183 F.3d at 479. Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[11]

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that the motions to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendants Michigan, Kent County and Kent County Sheriff (ECF Nos. 12 and 14) be **GRANTED**. I further recommend that the Court sua sponte **DISMISS** the remaining defendants 61st District Court, Breen, Grand Rapids, GRPD,

---

[11] As discussed, some defendants moved to dismiss Burnett's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court lacks jurisdiction over this sovereign citizen complaint, it is unnecessary to address the Rule 12(b)(6) motions. However, even if the Court had jurisdiction, defendants' motions to dismiss brought pursuant to Rule 12(b)(6) would be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). For the reasons set forth in § II, *supra*, Burnett's sovereign citizen complaint does not state a claim that is plausible on its face.

and Bauer for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that the case be **terminated**.

I further recommend that defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 12, 14, 20 and 23) be **DENIED** without prejudice.

Dated:  June 18, 2024                                   /s/ Ray Kent
                                                        RAY KENT
                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).